Green, J.
delivered the opinion of the court.
The complainant has obtained judgments at law against Thomas and William Hamilton,' who have no property "on which his execution is leviable. They have made payments to some extent for a lot purchased of Sitler, and for land in Bedford, purchased of John Hamilton, and have¿ bonds for title, but have received no deeds. They have therefore an equitable interest in this property, which in this court is liable for their debts. Brinkerhoffvs.Brown,6 John. Ch.Rep. 139. Salbridge vs. Hyde and others, 5 Maddox’s Ch. Rep. The decree takes care of the interests of the persons from whom they purchased, and directs the balance due to Sitler, and Craddock, of whom John Hamilton purchased, to be first paid out of the proceeds of the sale of the property respectively derivable from them; and the balance to be paid in discharge of complainant’s debt. We perceive *82 nothing wrong in this decree, and therefore are of opinion it ought to be affirmed.
F. B. Fogg, for complainant.
G. S. Yerger and Thompson, for defendants.
After the decree had been affirmed in the above cause, it was1 moved on the part of Sitler, that the decree should be so altered, that the defendants, the Ham-iltons, be compelled to pay the debt of Sitler first, and then the debt of Cloud within a limited time, and on failure the estate should be sold. This motion was argued by F. B. Fogg in support of it, and G. S. Yerger and Thompson against it.
Decree affirmed,
Catron, Ch. J.
delivered the opinion of the court.
In this case a judgment creditor of the defendants, having exhausted his remedy at law, filed his bill to subject the real estate of the debtors, in which they only had an equity, having paid a great portion of the purchase money, leaving however upwards of two thousand dollars due, and not being entitled to receive a deed by the contract until the purchase money should be paid. The vendor, Sitler, is made a defendant with the debtors.— It was decreed below, that the estate be sold, unless the defendants, Hamiltons, paid the debt of Cloud within a limited time; but as a condition on Cloud, the complainant, the debt due Sitler for purchase money, forming, the first incumbrance, should be first satisfied out of the proceeds of the sale. From this decree the Hamiltons appealed.' The decree below has been ordered to be affirmed; and it is now moved,, on part of Sitler, that it be so altered, that the Hamiltons be compelled to pay the debt of Sitler first, and then the debt of Cloud within a *83 limited time, and on failure, that the estate he sold.— This would place Sitler in the attitude of a complainant. It is objected for the Hamiltons, that they were only sought to be charged by the hill with Cloud’s debt; that Sitler has not complained, and can have no relief, if they pay Cloud before the given time; that the decree imposed it on Cloud, as a condition to the relief sought, that Sitler should he first satisfied; that Cloud could dismiss his bill on the extinguishment of his claim, without any right in Sitler to complain; nor had the court any power to pursue the Hamiltons, save by force of the bill.
The court has carefully examined the authorities cited for both parties, and although we are unable to find any case directly on the point, yet have no doubt the argument for the Hamiltons is sound; and that if Sitler desired relief, independent of the complainant Cloud, his remedy was by bill, either a cross hill to the present suit, or an original, to subject the estate sold for the balance of the purchase money.
The usual course in England, is for the creditor to come in to redeem; before he can do this against him holding the legal title, he must satisfy all previous liens; and if he fail, his bill will he dismissed. 2 Vern. 81. Our practice is to sell in aid of the execution at law, giving the equitable owner and debtor, time and leave to satisfy the debt; when, if this be done, the bill is dismissed, and all collateral litigation arising incidentally among defendants, ceases.
The motion on behalf of the defendant Sitler is refused, and the decree below affirmed.
Motion overruled.